# <u>Exhibit A</u>

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT

JACQUELINE ROUSER and
ROSILAND ROUSER,

          Plaintiff,

       vs.                        Case No.         PD
                                     The Hon.

CITY OF NOVI, CITY OF NOVI POLICE,
  CITY OF ROMULUS and CITY OF ROMULUS
  POLICE ,

          Defendants.

_____/

LAW OFFICES OF ARLENE F. WOODS, PC
By:    Arlene F. Woods (P 40039)
       Attorney for Plaintiffs
       2000 Town Center, Ste. 1900
       Southfield, Michigan  48075
       (248) 328-4291
       arleneP40039@aol.com
       P 40039

_____/

## COMPLAINT FOR CLAIM AND DELIVERY
## AND REQUEST FOR JURY TRIAL

NOW COMES the above named Plaintiffs JACQUELINE ROUSER AND

ROSILAND ROUSER, by and through his attorney, ARLENE F. WOODS, and for and as

their Complaint states as follows:

### Parties

1.     That at all times complained of herein, the Plaintiff, JACQUELINE

ROUSER was a resident of the City of Inkster, County of Wayne, State of Michigan.

2.     That at all times complained of herein, the Plaintiff, ROSILAND ROUSER,

was a resident of Romulus, County of Wayne, State of Michigan.

3.     That at all times complained of herein, the Defendant, CITY OF ROMULUS, was a municipal corporation conducting business in the City of Romulus, County of Wayne, State of Michigan and the CITY OF ROMULUS POLICE DEPARTMENT was an instrumentality of the CITY OF ROMULUS.

4.     That at all times complained of herein, the Defendant, CITY OF NOVI was a municipal corporation authorized to conduct business in the City of Novi and other cities, including Romulus, in the Counties of Oakland and Wayne, State of Michigan and the CITY OF NOVI POLICE DEPARTMENT, was an instrumentality of the CITY OF NOVI .

<u>Venue and Jurisdiction</u>

5.     That venue is proper in this court by virtue of MCL 600.1615 which provides:

> any county in which any governmental unit including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, public body, or political subdivision, exercises or may exercise its governmental authority is the proper county in which to commence and try actions against such governmental units....

6.     That jurisdiction is proper in this court by virtue of MCL 600.711 which provides:

> The existence of any of the flowing relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal jurisdiction against the corporation
>
> (a) Incorporation under the laws of this state...

7.     That jurisdiction is proper in this court as the matter in controversy exceeds Twenty-five ($25,000.00) Dollars.

2

## General Allegations

8.      That on or about September 6, 2024 the Plaintiff was summoned to the Romulus High School regarding her minor son.

9.      Upon arriving at the school, the Defendant, ROSILAND ROUSER, was approached by a representative of the Romulus High School, the Romulus Police Department and on information and belief, officers from the Novi Police.

10.     That the Plaintiff, ROSILAND ROUSER, was advised that the High School seized her minor son's cell phone and requested information which would allow them to open the cell phone.  Plaintiff, ROSILAND ROUSER at that point contacted her attorney who informed Plaintiff that unless the school official and the police had a warrant she was under no obligation to provide any information to enter into the cell phone.  The Plaintiff indicated that the school and police could keep the phone, however, on the advise of her counsel they would need to obtain a warrant to search the contents of the phone.

11.     After advising the school official, and Defendant Romulus Police that they could keep the phone and upon being notified that her son was not allowed at the school pending "an investigation" the Plaintiff, ROSILAND ROUSER attempted to leave the school property with her son and upon arriving at her automobile, a police officer driving a Romulus city Police Department, pulled behind her vehicle and advised her that she was not free to take the vehicle.   Again, the Plaintiff, ROSILAND ROUSER, contacted her attorney who asked if the officer had a warrant to seize the vehicle.

3

12.     Despite failing to produce a warrant for the seizure of the vehicle the Romulus Police Officer refused to allow Plaintiff to leave in her vehicle.   In addition, the Romulus Police Officer requested that the Plaintiff provide him with the keys to the vehicle and when she refused, as there was no warrant produced, the Officer advised Plaintiff that the car was going to be "dragged" if she did not produce the keys.  The Plaintiff was forced to leave Romulus High School without her vehicle which was seized without a warrant.

## I.  Claim and Delivery

13.     The Plaintiffs hereby repeat and reallege Paragraphs One (1) through Twelve (12) as though fully set forth herein.

14.     That a claim and delivery action allow a party to recover possession of goods or chattels unlawfully detained.  MCL 600.2920

15.     That the Plaintiff, JACQUELINE ROUSER, is the registered owner of the seized vehicle, to wit:

2016 Nissan Altima Sedan, VIN No. 1N4AP5GC146000

however, the vehicle was purchased by and paid in full by the Plaintiff, ROSILAND ROUSER, who has an interest in and to the said vehicle.

16.     That on or about September 6, 2024, the Defendant's without the legal authority to do so, seized the Plaintiffs' vehicle and to date have failed, refused and neglected to return the vehicle to the Plaintiffs despite having been requested to do so on several occasions.

4

17.     That the Defendants obtained a warrant to search the vehicle after the illegal seizure of the vehicle.  At no time did the Defendants ever obtain a warrant allowing for the seizure of the vehicle, nor did the Defendants provide the Plaintiffs with a Return to the Search Warrant regarding anything removed from the vehicle or for the seizure of the vehicle itself. **(See Exhibit A)**

18.     That as of this date the Defendants have failed, refused and neglected to return the vehicle despite having repeated request that they do so.

**WHEREFORE**, the Plaintiffs have suffered and are entitled to damages in an amount to exceed Twenty-five ($25,000.00) which represents the value of the seized vehicle, together with interest, cost, and such other damages as allowed by law.

Plaintiff prays for such further and additional relief as is just and equitable.

## II.  Violation of 42 USC §1983

19.     The Plaintiffs hereby repeat and reallege Paragraphs One (1) through Eighteen (18) as though fully set forth herein.

20.     That the Defendants are not immune from liability in this matter as they intentionally and acting under color of law, violated the Plaintiff's Fourth and Fourteen Amendments under the United States and Michigan constitutions which prohibit the unlawful deprivation of property without a warrant.

21.     That the actions of the Defendants violate the Civil Rights Act of 1871 vis-à-vis, 42 USC §1983 which provides *inter alia*:

> Any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding...

5

22.     That the Defendants acting in conjunction with one another seized the Plaintiffs vehicle without a valid warrant allowing for the seizure and search of the vehicle and as of this date have failed, refused and neglected to return the vehicle, despite having been requested to return the vehicle.

23.     That the warrant to search for items contained within the vehicle was not obtained until the Plaintiff, ROSILAND ROUSER, was forced by the Defendant, ROMULUS POLICE DEPARTMENT, to leave the vehicle at the Romulus High School, thereby depriving her of her property without legal authority to do so. (See Exhibit B)

24. Despite repeated requests for the return of the vehicle the Defendants have failed, refused and neglected to return the vehicle despite requests by the Plaintiffs and their attorney acting on their behalf thereby wrongfully and without legal authority to do so deprived the Plaintiffs of their property.

WHEREFORE, the Plaintiffs have suffered and are entitled to damages in an amount to exceed Twenty-five ($25,000.00) which represents the value of the seized vehicle, together with interest, cost, and such other damages as allowed by law.

Plaintiff prays for such further and additional relief as is just and equitable.

Dated: September 15, 2023          Respectfully submitted

/s/ Arlene W. Woods
LAW OFFICE OF ARLENE F. WOODS, P.C.
By:     Arlene F. Woods
        Attorney for Plaintiffs
        2000 Town Center, Ste. 1900
        Southfield, Michigan 48075
        (248) 328-4291
        arlenep40039@aol.com
        P 40039

6