UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE ROUSER, *et al.*,

    Plaintiffs,

v.                                    Case No. 24-12759

CITY OF NOVI, *et al.*,              Sean F. Cox
                                          United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND

Plaintiffs filed this action in state court, asserting one state-law claim, along with federal claims brought expressly under 42 U.S.C. § 1983. Defendants removed the matter to federal court, based upon federal-question jurisdiction over the § 1983 claims. The matter is now before the Court on Plaintiffs' Motion to Remand. The motion is opposed by all Defendants. The Court heard oral argument on January 30, 2025. For the reasons that follow, Plaintiffs' Motion to Remand is DENIED.

### BACKGROUND

Acting through counsel, Plaintiffs Jacqueline Rouser and Rosiland Rouser ("Plaintiffs") filed suit in Wayne County Circuit Court. Plaintiffs' Complaint asserts two counts: 1) "Claim and Delivery;" and 2) a count brought under 42 U.S.C. § 1983. The Complaint asserts those claims against the City of Novi and the "City of Novi Police" ("the Novi Defendants") and the City of Romulus and the "City of Romulus Police" ("the Romulus Defendants").

On October 17, 2024, the Novi Defendants, with the consent of the Romulus Defendants,

1

removed the action to federal court based upon federal question jurisdiction over Plaintiffs' § 1983 claims.  (*See* Notice of Removal, ECF No. 1, at PageID.2) ("All Defendants have stipulated and agreed to the removal of this action from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan.").

On October 29, 2024, the Romulus Defendants filed their Answer and Affirmative Defenses, that does not contest jurisdiction in this Court.

On November 13, 2024, Plaintiffs filed a Motion to Remand.  (ECF No. 7).  Both the Novi Defendants and the Romulus Defendants filed briefs in opposition to the motion.  (ECF Nos. 8 & 9).

## ANALYSIS

Plaintiffs' Motion to Remand makes two arguments and also seeks and award of attorney fees and costs incurred in bringing the motion.  As explained below, the motion is denied.

### I.      Exclusive Jurisdiction Argument

Plaintiffs' first argument is that the removal here was improper because federal courts do not have "exclusive jurisdiction" over claims brought under 42 U.S.C. § 1983.  As to that issue, Plaintiffs assert:

> 9.      The Defendant, City of Novi and Novi Police, contend that because the Plaintiffs allege a violation of 42 USC § 1983, this Honorable Court has exclusive subject-matter jurisdiction.
>
> 10.     If a Plaintiff so chooses a claim for violation of 42 USC § 1983, it may be brought in the state court.  Michigan courts have long held that a state circuit court has jurisdiction to entertain constitutional challenges.  *See, Jones v. Powell*, 462 Mich 329, 612 N.W.2d 423 (2000).

(Pls.' Motion, ECF No. 7, at PageID.93).  In their Brief, Plaintiffs also assert that "[t]his Court Does Not Have Exclusive Subject Matter Jurisdiction." (*Id*. at PageID.101).  Plaintiffs

2

acknowledge that federal claims can be removed to federal court (*Id.* at 101-102) and do not dispute that § 1983 is a federal statute, but nevertheless argue that remand is proper.  Plaintiffs reference the doctrine of preemption, but that doctrine has no application to this case – where the complaint in state court expressly asserts a federal claim under 42 U.S.C. § 1983.

As both the Novi Defendants and the Romulus Defendants note in their briefs filed in opposition to the Motion to Remand, exclusive jurisdiction is not necessary for them to remove Plaintiffs' federal § 1983 claims.

Because Plaintiffs bring suit under 42 U.S.C. § 1983 and allege that Defendants violated their constitutional rights, this district court has original jurisdiction under 28 U.S.C. § 1331 and removal was proper.  *Hadix v. Johnson*, 322 F.3d 895, 896 (6th Cir. 2003); *Dorsey v. City of Detroit,* 858 F.2d 338, 340–41 (6th Cir. 1988).

**II.     Alleged Failure To Comply With Rule Of Unanimity**

Next, Plaintiffs assert that "[a]nother defect in the removal notice is its failure to comply with the rule of unanimity."  (Pls.' Br., ECF No. 7 at PageID.103).  In support of this challenge, Plaintiffs assert that a removal petition "that fails to explain the absence of co-defendants' consent to the removal" is "defective for violating the rule of unanimity."  (*Id.* at 104).  But that is simply not the situation presented here, as the Notice of Removal affirmatively states that "All Defendants have stipulated and agreed to the removal of this action from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan."

Plaintiffs then argue that "[w]hile the Notice of Removal states that all defendants consent to the removal, no stipulation was filed with the removal and the City of Romulus and the City of Romulus Police did not sign the Notice of Removal." (*Id*. at Page.ID104).  Plaintiffs

3

do not direct the Court to any legal authority, let alone Sixth Circuit authority, to support their position that the statement of the Romulus Defendants' concurrence did not comply with the rule of unanimity.

Moreover, as Defendants note, the Sixth Circuit has rejected that argument. *Harper v. Autoalliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (Rejecting argument that statement of concurrence did not comply with rule of unanimity, and further noting that even if there had been a defect, it would have been cured by the defendant's answer accepting jurisdiction in federal court and by virtue of its opposition to the motion to remand.)

## CONCLUSION & ORDER

Accordingly, the Court DENIES Plaintiffs' Motion to Remand.

IT IS SO ORDERED.

Dated:  February 12, 2025                              s/Sean F. Cox
                                                                        Sean F. Cox
                                                                        United States District Court Judge

I hereby certify that on February 12, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                                        s/Emily Vradenburg
                                                                        Case Manager